UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

MANUEL PIETRI-GIRALDI,
  Plaintiff,

v.

GABRIEL ALVARADO-SANTOS, et al.,
  Defendants

Civil No. 01-1261(HL)

# OPINION AND ORDER

Before the Court are plaintiff's "Motion to Compel Full Payment" and "Motion to Enforce Final Judgment." (Docket Nos. 127, 131). On March 25, 2004, following trial by jury, the Court entered judgment in favor of plaintiff and against defendants Ramón Mercado and Fernando Rojas pursuant to which plaintiff was to recover the amounts of $10,000 for compensatory damages and $20,000 for punitive damages from each co-defendant for a total of $60,000, excluding attorneys' fees and costs. (Docket No. 97). No appeal was lodged by the parties.

On July 28, 2005, defendants submitted payment of the compensatory damages portion of the judgment, attorneys' fees and costs, under seal. (Docket No. 115). Thereafter, on August 1, 2005, plaintiff filed a "Motion to Unseal and to Compel Full Payment," followed by another "Motion to Compel" requesting that the Court order the defendants to satisfy payment of the jury award in full. (Docket Nos. 116, 117).

On December 15, 2005, in response to the Court's Order to Show Cause as to why defendants had not complied in full with payment of the judgment, defendants filed a

motion succinctly indicating that a "resolution" was signed on June 27, 2005, ordering the payment of compensatory damages, attorneys' fees and costs.  Defendants further indicated that the punitive damages portion of the judgment was not included in the payment because pursuant to Art. 8 of Act 104 of June 29, 1955, Law of P.R. Ann. tit. 32, § 3083, the Commonwealth does not pay punitive damages.  (Docket No. 125).

On January 17, 2006, plaintiff filed a "Motion to Compel Full Payment" (Docket No. 127), demanding full compliance and payment of the judgment, averring that the Commonwealth must satisfy the punitive damages portion of the judgment because it raised no affirmative defense concerning indemnification of punitive damages and therefore waived any such challenge.  Plaintiff further alleges that because the Government assumed legal representation of the aforementioned defendants in their official and individual capacities, it assumed payment of all damages, compensatory and punitive, included in the jury's verdict.  On July 24, 2006, plaintiff renewed his request in a "Motion to Enforce Judgment"  (Docket No. 131).

For the reasons set forth herein, plaintiff's Motion to Compel and Motion to Enforce Judgment are DENIED.

## Discussion

"Puerto Rico law permits an official, charged in a civil rights action relating to official duties, to 'request' legal representation by the Commonwealth and it permits the Commonwealth 'subsequently' to assume payment of any judgment." *Ortíz-Feliciano v. Toledo-Dávila*, 175 F.3d 37, 40 (1st Cir. 1999).  These representation and indemnification

provisions are enacted in Act No. 9 of November 26, 1975, Laws of P.R. Ann. tit. 32, § 3085, which provides as follows:

> Every official , ex-official, employee, or ex-employee of the Commonwealth of Puerto Rico who is sued for damages in his personal capacity, when the cause of action is based on alleged violations of the plaintiff's civil rights, due to acts or omissions committed in good faith, in the course of his employment and within the scope of his functions, may request the Commonwealth of Puerto Rico to provide him with legal representation, **and to subsequently assume the payment of any judgment that may be entered against his person**.

(*emphasis added*).

Although defendants have not spelled out the procedure, it stands to reason that their reference to a "resolution" refers to a resolution entered by the Secretary of Justice ("the Secretary") pursuant to Art. 14 of Act No. 113 of July 10, 2986, P.R. Laws Ann. tit. 32, § 3087, which provides:

> The Secretary of Justice shall determine in which cases the Commonwealth shall assume legal representation and, subsequently, after considering the findings of the court or which arise from evidence presented, he shall determine whether it is in order to pay the full judgment imposed on the public officials...

In this regard, "Puerto Rico law permits the Secretary [of Justice] to indemnify for judgments but specifically excludes cases 'when inexcusable neglect intervenes.'" *Ortíz-Feliciano*, id., at 39, citing P.R. Laws Ann. tit. 32, § 3088(c) ("Section 3088"). The only exception occurs when "if before acting or failing to do so, the official [...,] requested the Secretary of Justice to render an Opinion to such effects and his action or omission was

4

performed according to the terms thereof." Under such circumstances, "the Commonwealth may not deny or withhold legal representation from such persons or refuse the total payment of the judgment imposed." Id.

Art. X of the "Regulation Concerning Legal Representation and Satisfaction of Judgments Under the Claims and Suit Against Commonwealth Act," Regulation 4071 (Sept. 8, 1989), outlines the procedure to be followed by the Secretary in determining whether to award the benefit of payment of judgment:

> (C)  Within thirty days from the date in which the judgment becomes final and unappealable, the Secretary will decide if judgment should be paid pursuant to the Law and these Regulations and shall immediately notice the beneficiary in writing to his last known address, via certified mail return receipt requested or in person.
>
> (D) Should the Secretary decide, based on the assessment made, that the beneficiary is not entitled to the benefit of payment of judgment, the provisions concerning denial of benefits shall be applied and the Secretary will act in accordance with Article VIII, Section (G) of these Regulations.

(*Translation ours*).

Instead of referring to the sections outlined above, defendants' only reference is to Article 8 of the "Claims and Suits Against Commonwealth Act," Act 104 of June 29, 1955, Laws of P.R. Ann. tit. 32, § 3083 ("Section 3083"), which provides that, "[a] judgment against the Commonwealth shall in no case include the payment of interest for any period prior to the judgment **nor grant punitive damages**" (*emphasis added*). This citation is inapposite since judgment in the case at bar was not entered against the

5

Commonwealth but, rather, against the appearing defendants in their personal and individual capacities.[1]

Plaintiff's reliance on *Saldaña-Sánchez v. López-Gerena*, 256 F.3d 1 (1st Cir. 2001), is equally inapposite. In *Saldaña-Sánchez* the award of punitive damages was entered against the mayor of the Municipality of Humacao, and thus ran against the municipality itself, not the Commonwealth. See, P.R. Laws Ann. tit. 32, § 3092.

Instead, the Court finds guidance in *Ortíz-Feliciano*, where, citing Eleventh Amendment grounds, the district court denied plaintiffs' request for an Order directing the Commonwealth to grant defendants the benefit of payment of the judgment. In affirming the district court's decision, this Circuit held that "it does not matter whether the Secretary erred in refusing to indemnify the defendants; even if the Secretary *agreed* to indemnify them, the Eleventh Amendment would still bar a claim by the plaintiffs against the Commonwealth in federal court." Id., at 40 (*emphasis in the original*).

As in *Ortíz-Feliciano*, supra at 39, plaintiff's instant motion "in substance seeks a money judgment against the Commonwealth." As such, we are bound by Circuit

---

[1] The jury found each of the defendants liable for violating plaintiff's civil rights and awarded compensatory and punitive damages to plaintiff in the amounts of $10,000.00 and $20,000.00, respectively, for a total of $60,000.00, plus attorneys' fees and costs. The jury also found that the defendants used excessive and unnecessary force against the plaintiff and acted with malice or reckless disregard to his rights. (Docket Nos. 93, 97). Defendants' motion does not indicate whether the Secretary's resolution denying indemnification of punitive damages was based on Section 3088's inexcusable neglect exclusion, whether defendants are pursuing administrative review of said determination or, if exhausted, judicial review in the local courts.

6

precedent that, pursuant to Section 3085, the claim for indemnification concerning payment of judgment lies with defendant public officers, not with the plaintiff.

Pursuant to the affirmance of the district court's decision, the *Ortíz-Feliciano* plaintiffs moved and obtained execution of the judgment against the defendants in their personal capacities. See, *Ortíz-Feliciano v. Toledo-Dávila*, Dkt. No. 72, Civil No. 94-2715 (PG). Thereafter, in the aftermath of the federal case, the *Ortíz-Feliciano* plaintiffs sued the Commonwealth in local court. The Puerto Rico Supreme, in *Ortíz Feliciano v. Estado Libre Asociado*, 158 P.R. Dec. ___ (2002) (CC-2000-430), dismissed all claims holding that the plaintiffs had no standing to collaterally contest the Secretary's decision not to pay the judgment in federal court. The Puerto Rico Supreme Court further held that "the initial decision to afford the public official with legal representation due to allegations of the violation of a citizen's civil rights and the ensuing decision as to whether the Commonwealth will or will not assume payment of the judgment entered against him are two (2) separate and independent proceedings." (*Translation ours*).

Thus, the Court concludes that plaintiff's motions requesting that the Court order the Commonwealth to pay the punitive damages portion of the judgment and to enforce judgment (Docket Nos. 127, 131) must be DENIED. Plaintiff has no standing to request payment of the judgment from the Commonwealth, which is a benefit afforded to defendants pursuant to Section 3085. There is no information on record concerning any requests for review, administrative or judicial, which defendants may have taken from the

7

Secretary's decision to pay only part of the judgment against them. It appears that, should the Secretary's decision prevail, defendants would be personally responsible for the payment of the punitive damages portion of the judgment.

WHEREFORE, Plaintiff's motions to compel full payment of the Judgment (Docket. No. 127) and to enforce judgment (Docket. No. 131) are denied. The motion submitting payment (Docket No. 115) is ordered unsealed.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 31st day of July, 2006.

s/ Héctor M. Laffitte
HECTOR M. LAFFITTE
U.S. DISTRICT JUDGE
